IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RAYMOND F. GROSS,          }
TDCJ-CID NO.802092,        }
          Petitioner,      }
                           }
v.                         }          CIVIL ACTION NO. H-04-136
                           }
NATHANIEL QUARTERMAN,      }
          Respondent.      }

OPINION ON REMAND

       Petitioner Raymond F. Gross, a state inmate proceeding *pro se* and *in forma pauperis*, sought federal habeas relief from the denial of parole.  After reviewing all of petitioner's pleadings and the applicable law, the Court dismissed the petition for a writ of habeas corpus under 28 U.S.C. § 2254 and denied petitioner a certificate of appealabililty. (Docket Entry No.14).  The Fifth Circuit Court of Appeals also denied petitioner a certificate of appealability.  (Docket Entry No.114).  The United States Supreme Court, however, remanded the case to the Fifth Circuit for further consideration in light of *Wilkinson v. Dotson*, 544 U.S. 74 (2005).  *See Gross v. Dretke*, 546 U.S. 1027 (2005).  In an unpublished opinion, the Fifth Circuit vacated the judgment and remanded the case to this Court for "further consideration of the claims and arguments of the parties in light of *Wilkinson* and for further proceedings not inconsistent with  [the Fifth Circuit's] opinion."  (Docket Entry No.125); *see Gross v. Quarterman*, 211 Fed. Appx. 251 (5th Cir. 2006).  Pending are respondent's Motion for Summary (Docket Entry No.280) and petitioner's response to the motion.  (Docket Entry No.283).  For the reasons to follow, the Court will grant respondent's motion for summary judgment and dismiss this habeas action with prejudice.

## I.  BACKGROUND

Petitioner entered a guilty to plea to two counts of theft and one count of aggravated assault in cause numbers 762019, 762020, and 762018, respectively, in the 263rd District Court of Harris County Texas.  (Docket Entry No.280, Exhibit A).  He was sentenced to twenty-five years confinement in cause numbers 762020 and 762018 and fifteen years confinement in cause number 762019.  (Docket Entry No.280).  Petitioner does not indicate that he filed a direct appeal or a state habeas application from these convictions.

Petitioner is not eligible for mandatory supervision.  Petitioner first became eligible for parole in September of 1999.  (Docket Entry No.11).  He was denied parole on December 13, 1999, May 14, 2001, May, 15, 2003, and in 2005.  (Docket Entry No.280, Exhibits B, C).  Petitioner has not challenged the denial of parole by state habeas application nor challenged the calculation of his sentence via the dispute resolution procedure as provided in section 501.0081 of the Texas Government Code.  (*Id*., Exhibits E, F).

## II.  ISSUES

In *Wilkinson v. Dotson*, two state prisoners brought a civil rights action under 42 U.S.C. § 1983 in federal court claiming that Ohio's state parole procedures violated the federal Constitution.  544 U.S. 74, 76-77 (2005).  In each case, the federal district court concluded that the claims did not lie in a § 1983 action and that the prisoners would have to seek relief through a habeas corpus suit.  *Id*. at 77.  The Supreme Court, however, recognized that state prisoners may challenge the constitutionality of state parole procedures in an action under § 1983, seeking declaratory and injunctive relief; they were not required to seek relief on such issues exclusively under the federal habeas corpus statutes.  *Id*. at 76.  The Court indicated that if a prisoner does

not challenge the "fact or duration" of his confinement and is not otherwise seeking a "speedier release" from custody, then his challenge to parole procedures is cognizable under § 1983. *Id*. at 81-82.

On remand to the Fifth Circuit, counsel for both parties in the present suit filed supplemental briefs addressing the impact of *Wilkinson* on petitioner's claims. *Gross*, 211 Fed. Appx. at 252. Petitioner argued on remand to the Fifth Circuit that "the parole procedures of the [Texas] Board of Pardon and Paroles, which deny prisoners the right to verify the accuracy of information in their prison files, violate his Fourteenth Amendment due process rights." *Id*. Respondent contended "that *Wilkinson* allows a prisoner to challenge state parole procedures as a civil rights violation, but it does not preclude the same challenge under the federal [habeas] statute." *Id.* Respondent also contended that petitioner's habeas claims are time-barred under the governing statute of limitations and that petitioner had failed to exhaust his administrative remedies with respect to the same. *Id*. The Fifth Circuit ordered this Court to consider these arguments and contentions on remand and to conduct proceedings not inconsistent with its opinion. *Id*.

In his motion for summary judgment, respondent contends that petitioner's original pleading was properly construed as a habeas corpus proceeding and that the Supreme Court's holding in *Wilkinson v. Dotson* does not preclude petitioner from raising a claim in a § 2254 petition that could also be brought in a proceeding pursuant to § 1983. (Docket Entry No.280). Respondent argues because petitioner's pleading is properly construed as a habeas action, it is subject to dismissal as time-barred and for failure to exhaust state remedies. (*Id*.).

3

In his response to the motion for summary judgment, petitioner contends, through counsel, that he pled claims that fall under both § 1983 and § 2254.  (Docket Entry No.283). Petitioner, nevertheless argues that his pleadings should be construed as a civil rights complaint and not a habeas petition.  (*Id.*).  Petitioner argues until this threshold issue is resolved the Court should not consider respondent's arguments that petitioner's claims should be dismissed without prejudice because petitioner has not been allowed to amend his complaint as of right and has not been allowed to conduct discovery pursuant to the Federal Rules.  (*Id.*).  Alternatively, he argues, if the claims were improperly pled, the petition should be dismissed without prejudice to re-file as a § 1983 case.  (*Id.*).  Furthermore, petitioner "concedes that he has not properly exhausted his state habeas corpus remedies as required by 28 U.S.C. § 2254 and that the habeas claims should be dismissed without prejudice to exhaust state remedies.  He seeks to amend the present pleading to add two more civil rights claims.[1]  (*Id.*).

## III.  DISCUSSION

In deciding a motion for summary judgment, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

---

[1]   This Court observes that petitioner has been given an opportunity to expand his claims, prior to the retention of counsel.  Petitioner filed a response to the Court's Order for A More Definite Statement, in which the Court asked him to state "the specific challenge [he was] making regarding his release." (Docket Entry No.7).  Petitioner responded with additional information and argument to support his claims.  (Docket Entry No.11.).  *See Macias v. Raul A. (Unknown), Badge No.153*, 23 F.3d 94, 98 n.5 (5th Cir. 1994) (noting that a plaintiff proceeding *pro se* and *in forma pauperis* is not entitled to repeated opportunities to articulate the factual basis of his claim).  Furthermore, to allow amendment of petitioner's habeas action with additional civil rights claims would violate the Fifth Circuit's directive to this Court, *i.e.*, to consider the arguments and contentions framed by the parties before the Fifth Circuit on remand from the Supreme Court.  To allow such amendment at this juncture of the proceedings would serve to confuse the issues already before this Court.

party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  The moving party bears the initial burden of informing the court of the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Taita Chem. Co. v. Westlake Styrene Corp.,* 246 F.3d 377, 385 (5th Cir. 2001); *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact."  *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).

## A.  Nature of the Pleadings

Respondent moves for summary judgment on the ground that petitioner's original pleading is correctly designated as a petition for writ of habeas corpus.  (Docket Entry No.280). Respondent points to a constant theme in petitioner's pleading regarding the right to early parole or reduction of sentence.  (*Id.*).  Respondent claims because petitioner's original allegations ultimately seek immediate or speedier release to parole, his claims sound more appropriately in a habeas corpus proceeding.  (*Id.*).

Petitioner concedes that he used a form designated for writs of habeas corpus; nevertheless, he argues that he "raised several claims that are not cognizable in habeas, and only cognizable under § 1983."  (Docket Entry No.283).  Petitioner points out that he originally intended to file a class action, which is not available in a habeas petition, and that he sued parties who cannot grant him habeas relief although they could order relief under § 1983.  (*Id.*). Petitioner argues that he used language appropriate for a § 1983 action, such as "plaintiff" for "petitioner."  (*Id.*).  He further argues that he seeks relief that is not available in a habeas action,

*i.e.*, injunctive relief prohibiting the Parole Board's use of procedures which increase the period of incarceration. (*Id.*). Petitioner argues to the extent that his claims are properly cognizable under § 1983, the Court should sever the claims and consider them apart from any habeas corpus action. (*Id.*).

In reaching its holding in *Wilkinson v. Dotson*, the Supreme Court noted that the language of § 1983 "authorizing claims alleging the deprivation of constitutional rights against every 'person' acting 'under color of' state law," and the language of section 2254(a) of Title 42 U.S.C., which permits claims by a person being held "in custody in violation of the Constitution," both apply to claims that attack the constitutionality of prison disciplinary proceedings that lead to the deprivation of good-time credits. 544 U.S. at 78 quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The Court further observed that "the language of the habeas statute is more specific, and the writ's history makes clear that it traditionally 'has been accepted as the specific instrument to obtain release from [unlawful] confinement.'" *Id.* at 79 quoting *Preiser*, 411 U.S. at 486. "These considerations of linguistic specificity, history, and comity led the Court to find an implicit exception from § 1983's otherwise broad scope for actions that lie 'within the core of habeas corpus.'" *Id.* quoting *Preiser*, 411 U.S. at 487. In "[d]efining the scope of that exception, the Court concluded that a § 1983 action will not lie when a state prisoner challenges 'the fact or duration of his confinement. . . and seeks either 'immediate release from prison,' or the 'shortening' of his term of confinement." *Id.* [citations omitted]. The Court further reviewed prior case law and summarized its holdings as follows, in pertinent part:

> Throughout the legal journey from *Preiser* to *Balisok*, the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state)

remedies when they seek to invalidate the duration of their confinement-either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody.   Thus, *Preiser* found an implied exception to § 1983's coverage where the claim seeks-not where it simply "relates to"-"core" habeas corpus relief, *i.e.*, where a state prisoner requests present or future release....*Wolff* makes clear that § 1983 remains available for procedural challenges where success in the action *would not necessarily* spell immediate or speedier release for the prisoner.  *Heck* specifies that a prisoner cannot use § 1983 to obtain damages where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence.    And *Balisok*, like *Wolff*, demonstrates that habeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement.   These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Id.* at 81-83 (citations omitted) (emphasis in original).   The Supreme Court did not hold in

*Wilkinson* that a claim that was cognizable in a § 1983 complaint was not cognizable in a petition

for writ of habeas corpus.  Although *Preiser*[2] and its progeny have explored the extent to which §

1983 is a permissible alternative to the traditional remedy of habeas corpus, the Supreme Curt

has not explored the appropriate limits of habeas corpus as an alternative remedy to a proper

action under § 1983.   *See Preiser*, 411 U.S. at 500.   The only limitation to an action in habeas

noted by the Supreme Court is a claim for monetary damages.   *Preiser*, 411 at 494 (stating that

---

[2]   In *Preiser*, the Court noted that "habeas corpus relief is not limited to immediate release from illegal custody, but that the writ is available as well to attack future confinement and obtain future releases."  411 U.S. at 487.  Quoting *Peyton v. Rowe*, 391 U.S. 54, 66-67 (1968), the *Preiser* Court "pointed out that the federal habeas corpus statute 'does not deny the federal courts power to fashion appropriate relief other than immediate release.'  Since 1874, the habeas corpus statute has directed the courts to determine the facts and dispose of the case summarily, as law and justice require.'"  *Id.*  "[A] *§ 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. . . . This is not to say that habeas corpus may not also be available to challenge such prison conditions.*"  *Id.* at 499.  (emphasis added).

"[i]In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy").

The Fifth Circuit has also held that § 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement.  *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987).  The Fifth Circuit further held that challenges to the result of a single defective parole hearing must be pursued by a writ of habeas corpus and that "broad-based challenges to the parole board's rules and procedures that affect a prisoner's release must also be pursued in habeas corpus, if resolution of the factual and legal allegations would automatically entitle the plaintiff to accelerated release.  *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994) (citing *Johnson*, 821 F.2d at 1123).  "In considering whether a broad-based claim has such an effect, a distinction must be made between claims that would merely enhance eligibility for accelerated release and those that would create entitlement to such relief."  *Id.* citing *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987).  "A claim that has an indirect impact on the determination of whether a claimant eventually receives parole may still be cognizable under § 1983."  *Id.*  In cases that combine claims that properly should be asserted in a petition for writ of habeas corpus with claims that may be pursued initially under section 1983, "and the claims can be separated, federal courts should do so, entertaining the 1983 claims."  *Serio*, 821 F.2d at 1119.  In light of the Supreme Court's holding in *Wilkinson* and Fifth Circuit precedent, the Court finds that petitioner's pleading is correctly construed as a petition for writ of habeas corpus, for the reasons to follow.

Petitioner filed his original pleading on a pre-printed form used by inmates to file a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket Entry No.1) and

sought to proceed *in forma pauperis* as a habeas petitioner.  (Docket Entry No.3).  In his original

pleading and his More Definite Statement (Docket Entry No.11), petitioner referred to himself as

both plaintiff and petitioner.  He referred to the parties from whom he sought relief as both

respondents and defendants.  In his Motion for Leave to File a Class Action Certification,

however, petitioner referred to the parties as plaintiffs and defendants.  (Docket Entry No.3).

In his original pleadings, petitioner alleges the following:

1.  By the enactment of Section 4(a) of Article 37.07 of the Texas Code of Criminal Procedure, the State has created a liberty interest, which implicates due process.  The required jury instruction in Article 37.07, § 4(a) invokes an "expectation" of release to parole or a reduction in sentence upon which a jury and a defendant may rely if the defendant has a favorable institutional record.  Respondents, however fail to consider release based on the eligibility date but consider instead the nature of the offense, past criminal record, or the numerous false claims of gang membership, continuing criminal episodes, and so forth.

2.  Respondents have abused their power and violated the separation of powers doctrine by creating a parole good time policy which violates Supreme Court precedent.  By the enactment of Article 37.07 and statutes giving rise to the good time credit program, the Texas Legislature has created a liberty interest with an expectation that the credits apply to either time off the period of incarceration or the reduction of incarceration by release to parole.  Texas statutes provide for the denial of good time credit earned only upon a TDCJ rule violation.  The Parole Board, by its failure to either reduce an inmate's sentence or grant parole, denies him good time credit for reasons other than a TDCJ rule violation.

3.  Respondents have "incorrectly applied a policy which denies 3g offenders their work time credits."  While 3g offenders are not eligible for parole under the Texas Government Code until they have served one-half of their sentence without consideration of good time credit, Article 37.07 creates a presumption "that all prisoners who work, have good conduct and attempts [sic] to rehabilitate themselves are entitled to have those credits reduce the "period of incarceration."

4.  By denying prisoners release to parole or a reduction in sentence when their flat time and good time credit equals or exceeds the actual sentence imposed by the state court, respondents violate the Eighth Amendment's

prohibition against cruel and unusual punishment and the Double Jeopardy Clause.

5.    Respondents have denied petitioner and other inmates good time credit in violation of the Due Process Clause even though petitioner and such inmates have "successfully completed the rehabilitation programs as directed by the Defendants, have conducted themselves in a positive manner which allowed them to receive good conduct time credit, and have diligently carried out prison work assignments." In such cases, the U.S. District Court has the jurisdiction and authority to invoke such rights for the inmates.

6.    The reasons stated on respondents' pre-set form, *i.e.*, the Notice of Parole Decision, to substantiate the denial of parole, reflects that respondents have considered false and incorrect information about petitioner and other inmates, such as gang membership as in petitioner's case, in making its parole determinations. In considering the statements on such form without affording petitioner and other inmates the opportunity "to confront the witnesses and charges against them," *i.e.*, to challenge such statements, respondents have denied petitioner and other inmates due process of law.

(Docket Entries No.1, No.2, No.11).

Petitioner requests this Court, upon favorable resolution of his claims, to protect his interest in good time credits for early parole or reduction of sentence. (Docket Entry No.1). Petitioner further requests that the Court "apply all work time, good conduct time and rehabilitation credits to either the granting of parole or the reduction of his sentence." (*Id.*). In his More Definite Statement, petitioner seeks injunctive, declaratory, and equitable relief for himself, 1,325 inmates at the Ellis Unit, the 160,000 presently incarcerated, the 234,000 parolees and probationers, and "those people who will be subject to incarceration in the future." (Docket Entry No.11).

Although petitioner sought leave to file a class action on the ground that Article 37.07 of the Texas Code of Criminal Procedure "created an '[e]xpectation' of separate operations of law, which Texas juries and Texas prisoners may '[e]xpect' early release, and/or termination

of the prison sentence by 'reduced period of incarceration' or 'award of Parole,'" he did not seek class certification on the issue of the Parole Board's use of the "shotgun" form or its consideration of incorrect information in the parole file.  (Docket Entry No.2).  He complained that the Parole Board "does not even consider the rehabilitation of the Texas prisoner as a major factor in granting parole."  (*Id.*).  In his "Complaint of U.S. Constitutional Rights Request for Class Action Certification," petitioner, in reliance on his interpretation of Article 37.07, sought new parole procedures that would require the Parole Board to act on the inmate's institutional record alone in making parole decisions and presented arguments in support of his claims regarding double jeopardy, separation of powers,  and involuntary servitude.  (*Id.*).  In addition to declaratory relief, petitioner sought an order directing the Parole Board to apply work time credit to the term of incarceration by reducing term as earned and to apply good time credits to parole eligibility.  (*Id.*).  Petitioner also sought an order directing respondents "to release any prisoner who has earned good time credits which combined with his calendar time has over 100% of his sentenced [sic] completed."  (*Id.*).

Applying *Wilkinson*, the Court finds that a favorable resolution of petitioner's claims regarding any liberty interest in good time and work time credit, parole or a reduction in sentence under Article 37.07 and his claims that he and other inmate have met the institutional requirements to qualify for release to parole would automatically entitle petitioner and other inmates to accelerated release or a shortened term of incarceration; thus, such claims sound in habeas.  *See Wilkinson*, 544 U.S. at 79 (noting that a § 1983 action will not lie when a state prisoner challenges the fact or duration of his confinement and seeks either immediate release from prisoner the shortening of his term of confinement); *Cook*, 37 F.3d at 168.  Petitioner's claim that respondents have denied him and other inmates due process by denying parole for

11

reasons stated on the Notice of Parole Decision form, some of which are false, inaccurate, and inapplicable to the inmate, without giving them an opportunity to correct such information, may sound in either habeas or civil rights.  To the extent that petitioner claims that he and other inmates were denied parole in error on the basis of false information, granting relief on such claim would necessarily imply the invalidity of the parole decision and would not be cognizable under § 1983.  *See Jeffery v. Owens*, 216 Fed. Appx. 396 (5th Cir. 2006) (not designated for publication) (find specific error as sole reason for denial of parole not cognizable under *Heck*).  To the extent that petitioner claims that the Parole Board failed to give him and other inmates the opportunity to challenge false information in their parole file before denying parole may be brought in a habeas petition or a civil rights complaint under § 1983.  *See Mouser v. Dretke*, Civil Action No.6:05-128, 2006 WL 722130 (E.D. Tex. Mar. 14, 2006).  Under *Wilkinson*, all of petitioner's claims could be brought in a petition for writ of habeas corpus but not all of them would be cognizable in a civil rights complaint pursuant to 42 U.S.C. § 1983.  544 U.S. at 76.  Petitioner could have elected to bring his due process claim regarding the inaccuracy of information in the parole file in a § 1983 complaint, but he did not.  Accordingly, the Court concludes that petitioner's suit is properly construed as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

Arguably, this Court could have severed petitioner's civil rights claim from the habeas petition, although *Wilkinson* does not require the Court to do so.  544 U.S. at 76.  The civil rights claim, however, is intertwined with petitioner's other claims that release to parole or sentence reduction should be based solely on institutional behavior instead of outside factors such as the nature of the offense and gang membership.  Moreover, the disposition of the parole-file claim is the same whether brought by a petition for writ of habeas corpus pursuant to § 2254

or by a civil rights complaint pursuant to § 1983.  Because the prisoner has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions.  *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995) (complaint pursuant to 42 U.S.C. § 1983); *Mouse*r, Civil Action No.6:05-128 (same).  For these reasons and in the interest of judicial economy, this Court declines to sever the claim from the habeas petition.

Accordingly, respondent is entitled to summary judgment on this claim.

B.  Habeas Claims

Respondent also moves for summary judgment on the ground that petitioner's habeas claims are time-barred and unexhausted.  (Docket Entry No.280).  Petitioner concedes that his habeas claims are unexhausted.  (Docket Entry No.283).  Therefore, the Court will address only whether the habeas claims should be dismissed as time-barred.

Petitioner's federal habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA").  *Lindh v. Murphy*, 521 U.S. 320 (1997).  Under the AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is

13

removed, if the applicant was prevented from filing
by such State action;

(C)     the date on which the constitutional right asserted
was initially recognized by the Supreme Court, if
the right has been newly recognized by the Supreme
Court and made retroactively applicable to cases on
collateral review; or

(D)     the date on which the factual predicate of the claim
or claims presented could have been discovered
through the exercise of due diligence.

(2)     The time during which a properly filed application for State
post-conviction or other collateral review with respect to the
pertinent judgment or claim is pending shall not be counted toward
any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).  The one-year limitations period became effective on April 24, 1996,

and applies to all federal habeas corpus petitions filed on or after that date.  *Flanagan v. Johnson*,

154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320).  Because petitioner's petition was

filed well after that date, the one-year limitations period applies to his claims.  *Id.*, at 198.

In this case, the limitations period began on the date on which the factual

predicate of the claim could have been discovered through the exercise of due diligence.  28

U.S.C. § 2244(d)(1)(D); *see e.g. Goodwin v. Dretke*, 150 Fed. Appx. 295 (5th Cir. 2005) (not

selected for publication).    Respondent's summary judgment record reflects that petitioner was

denied release on parole on December 13, 1999, May 14, 2001, and May, 15, 2003.  (Docket

Entry No.280, Exhibit C).  The record does not reflect, and petitioner does not plead, that he

could not have discovered the factual basis of his claims before the Parole Board denied him

release to parole in 1999.  Section 4(a) of Article 37.07 was enacted in 1989.  *See Luquis v. State*,

72 S.W.3d 355, 361 (Tex. Crim. App. 2002).  Although in 2001, § 4(a) was amended, the "only

significant difference between the 1989 and the [2001] parole law charge is that the phrase 'he

14

will not become eligible for parole until the actual time served equals *one-fourth* of the sentence imposed or *15* years, whichever is less,' has been modified to "he will not become eligible for parole until the actual time served equals *one-half* of the sentence imposed or *30* years, whichever is less.'" *Id.* n.10 comparing TEX. CODE CRIM. PROC. art. 37.07, § 4(a) (Vernon 1990) with TEX. CODE CRIM. PROC. art. 37.07, § 4(a) (Vernon Supp. 2001) (emphasis in original). Accordingly, the factual predicate of petitioner's claims arose in 1999, when he was first denied parole. *Compare Goodwin*, 150 Fed. Appx. 295 (finding petition was not time-barred because petitioner was not entitled to release under former procedure in 1999, when he was first denied parole). Petitioner did not filed a state habeas application; therefore, the tolling provisions found in § 2244(d)(2) do not apply. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). Therefore, his habeas claims are untimely.

Petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Moreover, he has not sought equitable tolling of the limitations period. Accordingly, petitioner's habeas claims are subject to dismissal as time-barred.

## C. Alternative Reasons for Dismissal

Petitioner's pleadings are not a model of clarity. Nevertheless, whether petitioner's claims are brought in a habeas petition or a civil rights complaint, they fail, as a

matter of law, for the reasons set forth below.  *See Strickland v. Quarterman*, Civil Action No.

4:07-0506, 2007 WL 2409220 (S.D. Tex. Aug. 20, 2007).

1. <u>Liberty Interest</u>

Petitioner contends that section 4(a) of Article 37.07 of the Texas Code of

Criminal Procedure creates a liberty interest implicating due process because it invokes an

expectation of release to parole or a reduction in sentence.  (Docket Entries No.1, No.11).

Section 4 of Article 37.07 provides a "statutory parole charge instructing a jury in very general

terms about the existence and possible grant of parole."  *Luquis,* 72 S.W.3d at 360.  The charge

informs the jury regarding how much of a sentence the defendant must serve before he or she is

eligible for parole and refer[s] to "good conduct time" by which "a person sentenced to prison

might earn some reduction in his period of incarceration (though not a reduction of his sentence)

through the discretionary award of good conduct time."  *Id.*  The charge clearly warns jurors not

to consider how good conduct time or parole might apply to the defendant.  *Id.*

Petitioner, who entered a guilty plea to three offenses, does not allege or

otherwise show that the instruction authorized by Article 37.07, § 4(a) was actually given to a

jury in his case.  Even if it was, the Texas Court of Criminal Appeals has held that the instruction

authorized by Article 37.07, § 4(a) is not misleading on its face and that it does not violate due

process to give this instruction under the circumstances presented by petitioner.  *Id.* at 364-67.

Moreover, as other federal district courts within the Fifth Circuit have also concluded, Article

37.07, § 4(a) of the Texas Code of Criminal Procedure creates no reasonable expectancy of early

release of the type protected by a due process liberty interest.  *See Strickland*, Civil Action No.

4:07-0506, 2007 WL 2409220 (rejecting a claim that Article 37.07, § 4 creates a liberty interest

16

protected by the Due Process Clause); *Pohl v. Livingston,* Civil No. 9:06-4, 2006 WL 1050649 (E.D. Tex. Apr. 18, 2006); *Parks v. Perry,* Civil No. 5:06-255, 2007 WL 438251 (E.D.Tex. Feb.6, 2007); *Gordon v. Perry,* Civil No. 5:06-242, 2007 438253 (E.D.Tex. Feb. 6, 2007).

Furthermore, the Supreme Court has recognized that states have no duty to establish a parole system and prisoners have no constitutional right to be released before the expiration of a valid sentence. *Board of Pardons v. Allen*, 482 U.S. 369, 378 n. 10 (1987) (statutes or regulations that provide a parole board may release an inmate on parole do not give rise to a protected liberty interest); *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 11 (1979) (statute which "provides no more than a mere hope that the benefit will be obtained" does not trigger due process protections). The Fifth Circuit, having examined the Texas parole statutes, determined that "there is no constitutional expectancy of parole in Texas." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981).

Petitioner also contends that the Texas Legislature, by the enactment of sections 498.003, 498.004, and 498.005 of the Texas Government Code, which provides, in part, for the forfeiture of good conduct credit upon the violation of a TDCJ rule or commission of an offense, has created a liberty interest in good time credit. Texas prisoners do not have a state or federal right to good-time credit for satisfactory behavior while in prison. *Madison*, 104 F.3d at 768. Texas prisoners have not had a protected right to accumulate good-time credit since 1977. *Hallmark v. Johnson*, 118 F.3d 1073, 1079 (5th Cir.) (citing TEX. CIV. STAT. ANN. art. 6181-1, § 4 (Vernon 1988)); *see also* TEX. GOV'T CODE ANN. § 498.003 (a) (Vernon 2004) ("Good conduct time is a privilege and not a right."). Neither the opportunity to earn good time credit nor the possible effect of the award or loss of good time credit on a parole decision creates a liberty interest. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (citing *Meachum v. Fano*, 427 U.S.

17

215, 229 n. 8 (1976)).  In Texas, it is well established that only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release under the Texas mandatory supervision scheme and a protected liberty interest in the good-time credits that they have earned.  *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir.2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769, 2007 WL 841600 (5th Cir.2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996).  Because petitioner is not eligible for mandatory supervision, he does not have a protected liberty interest in early release or his accrued good-time credits.

Accordingly, petitioner's liberty interest claims are without a legal basis and subject to dismissal as frivolous.

### 2.  Factors Considered in Parole Review

Petitioner also complains that the Parole Board's consideration of factors other than an inmate's institutional record in making its decision whether to grant or deny parole violates his constitutional rights.  Parole review under Texas law is committed to the discretion of the parole board and a Texas inmate has no constitutionally protected expectancy of parole; consequently, due process complaints concerning parole procedures or eligibility by Texas inmates do not raise constitutional concerns whether presented as civil rights or habeas corpus claims.  *Madison*, 104 F.3d at 768; *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995).

Moreover, the states have broad discretion in determining what parole boards may consider.  "[T]to insure the public-interest purposes of rehabilitation and deterrence, the state may be specific or general in defining the conditions for release and the factors that should be

considered by the parole authority." *Greenholtz*, 442 U.S. at 7-8. Recognizing the choices presented by an administrative decision to grant parole release, courts have consistently held that there is simply no denial of an inmate's constitutional rights by reason of the parole board's consideration of the nature and circumstances of the offense. *See Page v. United States Parole Comm'n*, 651 F.2d 1083, 1085-86 (5th Cir. 1981) (holding parole commission's consideration of an underlying charge of smuggling cocaine that had been dismissed when the defendant pled guilty to a lesser offense did not violate due process protections); *Jackson v. Reese*, 608 F.2d 159, 160 (5th Cir. 1979 ) (holding state prisoner's constitutional rights were not violated by reason of the parole board's consideration of the nature and circumstances of his offense); *Bistram v. United States Parole Comm'n*, 535 F.2d 329, 330 (5th Cir. 1976) (finding parole board did not err by considering a dismissed kidnapping charge in its decision to postpone parole).

Furthermore, because Texas law does not create a protected liberty interest in parole, a Texas inmate does not have a federal right to have accurate information in his parole file or to complain of the constitutionality of procedural devices attendant to parole decisions. *Johnson v. Rodriguez*, 110 F.3d 299, 305, 308-09 & n.13 (5th Cir. 1997). "Rather, such concerns are matters for the responsible state agencies and it is to those bodies that grievances concerning parole procedures should be addressed." *Id.* In addition, refusal of a parole board to allow an inmate to examine his file does not assume the proportions of a deprivation of his rights under the Constitution or the laws of the United States. *See Cook v. Whiteside*, 505 F.2d 32, 34 (5th Cir.1974).

Petitioner also complains that when the Parole Board fails to apply an inmate's work credit toward release on parole or reduction in sentence under Article 37.07, the Board

violates the Thirteenth Amendment's prohibition against slavery or involuntary servitude. (Docket Entries No.1, No.3).   The Thirteenth Amendment provides:   "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."   U.S. CONST. amend. XIII.   The Constitution does not forbid an inmate from being required to work without pay or compensation. *See Ali v. Johnson*, 259 F.3d 317, 318(5th Cir. 2001).   *See also Wendt v. Lynaugh*, 841 F.2d 619 (5th Cir. 1988) (dismissing as frivolous prisoner's civil rights claim that he was forced to work without pay while in prison).   Petitioner has been duly convicted and sentenced by the state trial court, and has not yet served his full sentence. Therefore, the Parole Board's failure to consider work credit as a factor in parole determinations does not violate the Thirteenth Amendment.

### 3.  Failure to Release when Parole Eligible

Petitioner complains that by denying inmates release to parole or reducing their sentence when the accumulation of their flat time and good time credit equals or exceeds their actual sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment and the Double Jeopardy Clause.  (Docket Entry No.1).

The Eighth Amendment's Cruel and Unusual Punishment Clause protects those persons incarcerated "after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."  *Ingraham v. Wright*, 430 U.S. 651, 671 n.40  (1977). "Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny."  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  After incarceration, only the infliction of unnecessary and wanton pain constitutes cruel and unusual punishment

forbidden by the Eighth Amendment.  *Ingraham*, 430 U.S. at 670.  "To establish an Eighth Amendment claim, the prisoner must demonstrate, *inter alia*, an objective component of conditions so serious as to deprive him of the minimal measure of life's necessities, as when denied some basic human need."  *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (citing *Harper v. Showers*, 174 F.3d 716, 720 (5th Cir. 1999)).

Denying parole and requiring an inmate to serve his entire sentence is punishment, but it does not constitute cruel and unusual punishment.  *Baumann v. Arizona Dep't of Corrections*, 754 F.2d 841, 846 (9th Cir. 1985) (holding that the disappointment experienced from the denial of early release "does not offend the standards of decency in modern society" and thus does not amount to an Eighth Amendment violation).  The denial of parole is a disappointment rather than a punishment of cruel and unusual portions.  *See also Craft v. Texas Bd. of Pardons and Paroles*, 550 F.2d 1054 (5th Cir. 1977).  Accordingly, the cruel and unusual punishment prohibition of the Eighth Amendment is not implicated by the denial of petitioner's parole.

The Double Jeopardy Clause protects second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense.  *United States v. Ursery*, 518 U.S. 267, 273 (1996).  The denial of parole is not an additional punishment for the original offense.  Therefore, the fact that petitioner may be eligible for parole and yet remains confined without an expectancy of an early release cannot constitute a double jeopardy violation.  *See Coronado v. United States Board of Parole*, 540 F.2d 216 (5th Cir. 1976).

Accordingly, petitioner's cruel-and-unusual-punishment and his double-jeopardy claims are subject to dismissal because they are without legal merit.

4. <u>Separation of Powers</u>

Petitioner complains that the Parole Board violates the Separation of Powers doctrine because it arbitrarily abuses power without legislative or voter approval by its implementation of parole procedures that are contrary to good time and work time guidelines approved by the Legislature.  (Docket Entries No.1, No.3).

The federal doctrine of separation of powers holds that "the accumulation of all powers legislative, executive, and judiciary in the same hands, whether of one, a few, or many, and whether hereditary, self-appointed, or elected, may justly be pronounced the very definition of tyranny."  James Madison, *The Federalist* (no. 47) (January 30, 1788).  Such doctrine has never been incorporated and is not enforced against the states.  *Attwell v. Nichols*, 608 F.2d 228, 230 (5th Cir. 1979).  Therefore, even if state law violated the doctrine, such act would be a matter only of state law, not federal law, not meriting federal habeas corpus relief.

Even if his claim was cognizable, no violation is shown.  The term of petitioner's sentence or any other inmate's sentence has not been altered by an act of the Executive or the Legislature.  Article IV, section II of the Texas Constitution grants the Legislature the power to establish a Board of Pardons and Paroles and to make laws effecting and affecting parole. *Garrett v. State*, 768 S.W.2d 943, 946-47 (Tex. App.–Amarillo, 1989), *affirmed*, 791 S.W.2d 137 (Tex. Crim. App. 1990).  Although the determination of parole is an executive function, Article IV, section II of the Texas Constitution grants the Legislature the power to establish a Board of Pardons and Paroles and to make laws effecting and affecting parole.  *Id.*  The Texas Legislature has authorized the Board of Pardons and Paroles with the power to grant or deny parole.  TEX. GOVT. CODE ANN. § 508.141 (Vernon 2004).  A denial of parole merely requires the prisoner to

serve out the length of his sentence; a denial does not enhance the sentence imposed upon the prisoner by the court or lengthen the sentence enacted by the legislature.   Accordingly, Petitioner's separation of power claim is legally frivolous and subject to dismissal.

## IV.  CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).   On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right and that reasonable jurists would not debate the Court's procedural ruling. Therefore, a certificate of appealability from this decision will not issue.

## V.  CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1.      Respondent's motion for summary judgment (Docket Entry No.280) is GRANTED..

2.      Petitioner's petition for writ of habeas corpus is DENIED and DISMISSED WITH PREJUDICE.   Alternatively, the pleadings are DISMISSED WITH PREJUDICE because they are legally frivolous.

3.      All pending motions, if any, are DENIED.

4.      A certificate of appealability is DENIED.

The Clerk will provide a copy of this order to the parties.

SIGNED this 17th day of December, 2007.

Melinda Harmon
United States District Judge